STATE OF NEW YORK
SURPEME COURT : COUNTY OF ERIE

---

LG 28 DOE,

                        Plaintiff,

vs.                                                                          **ORDER**

NORBERT F. ORSOLITS,
THE DIOCESE OF BUFFALO, N.Y., and           Index No. 813916/2019
ST. JOHN GUALBERT CHURCH
AND DIOCESAN SHRINE,
                        Defendants.

---

Plaintiff, LG 28 DOE, having moved by Notice of Motion, dated December 9, 2019, for an order, pursuant to CPLR § 3215 (a), granting Plaintiff a default judgment against Defendant NORBERT F. ORSOLITS, together with such other relief as this Court deems just and proper, and

UPON consideration of the following papers submitted by Plaintiff: (i) Notice of Motion for Default Judgment, dated December 9, 2019; (ii) Affidavit of Christina M. Croglio, Esq., sworn to on December 9, 2019, with exhibits attached thereto; (iii) Affidavit of LG 28 DOE, sworn to November 20, 2019; and, with permission of the Court, (iv) Supplemental Affidavit of Richard P. Weisbeck, Jr., Esq., sworn to on January 20, 2020, requesting an immediate assessment of damages against Defendant Norbert F. Orsolits, and severance of the action against the non-defaulting Defendants pursuant to CPLR § 3215 (a); and, upon consideration of the Affirmation of Robert G. Scumaci, Esq., dated February 3, 2020, with exhibits attached thereto, submitted in opposition to Plaintiff's request for an immediate assessment of damages, on behalf of the non-defaulting Defendants, Diocese of Buffalo, N.Y. and St. John Gualbert Church and Diocesan Shrine; and this matter having come on to be heard for oral argument on

the 10th day of February 2020, with Amy C. Keller, Esq., of counsel to Lipsitz Green Scime Cambria LLP, appearing for Plaintiff, and Robert G. Scumaci, Esq., of counsel to Gibson, McAskill & Crosby, LLP, appearing for Defendants, Diocese of Buffalo, N.Y. and St. John Gualbert Church and Diocesan Shrine, and after due deliberation having been had herein, and in accordance with the decision rendered at oral argument (a copy of the transcript is attached hereto as **Exhibit A**) it is hereby,

**ORDERED** that Plaintiff's motion for default judgement against Defendant Norbert F. Orsolits is GRANTED; and it is further,

**ORDERED** that Plaintiff's request for an immediate assessment of damages against Defendant Norbert F. Orsolits, and severance of the action against the non-defaulting Defendants is DENIED; and it is further,

**ORDERED** that pursuant to CPLR § 3215 (d), the assessment of damages against Defendant Norbert F. Orsolits will be conducted at the time of trial or other disposition of the action against the non-defaulting Defendants.

Dated: March 2, 2020

Deborah A. Chimes, J.S.C.

Case 1-20-01016-CLB, Doc 29-4, Filed 05/19/20, Entered 05/19/20 13:48:41,
Description: Exhibit 4, Page 3 of 11
Exhibit A

```
                                                              1

1   STATE OF NEW YORK    :   COUNTY OF ERIE
    SUPREME COURT
2
    _____
3   LG 28 DOE,

4                         PLAINTIFF,   INDEX #813916/2019

5              -VS-
                                       MOTION & DECISION
    NORBERT F. ORSOLITS,
6   THE DIOCESE OF BUFFALO, N.Y.,
    and ST. JOHN GUALBERT CHURCH,
7   and DIOCESAN SHRINE,

8                         DEFENDANTS,

9   _____

10                        50 Delaware Avenue
                          Buffalo, New York 14202
11                        February 10, 2020.

12  HELD BEFORE:  HONORABLE DEBORAH A. CHIMES,
                  SUPREME COURT JUSTICE.
13
    APPEARANCES:  AMY C. KELLER, ESQ.,
14                Appearing for the Plaintiff.

15                ROBERT G. SCUMACI, ESQ.,
                  Appearing for the Defendants.
16

17                LISA G. PAZDERSKI,
                  Supreme Court Reporter.
18

19

20

21

22

23

24

25
```

2

```
 1         THE COURT:  In the matter of LG 28 Doe versus
 2   Orsolits.  Counselors, please note your appearance
 3   for the record.
 4         MS. KELLER:  Amy Keller on behalf of the
 5   plaintiff, LG 28 Doe with the law firm of Lipsitz,
 6   Green.  We are here, Your Honor, on a motion for a
 7   default judgment against the non-respondent party,
 8   that would be Norbert Orsolits.
 9         The complaint was filed on October 23rd.  He
10   was personally received on October 25th.  That was
11   provided with the affirmation of Attorney Prod
12   Neil (sic) from our office.
13         In addition, to that, Your Honor, Attorney
14   Weisbeck did submit a supplemental affirmation
15   that requested that upon the entering of a default
16   judgment against the individual defendant, that
17   the actions would be severed, that this action
18   would be severed from that of the non-defaulting
19   parties, that would be the Diocese of Buffalo New
20   York, the Saint John Gualbert Church and Diocesan
21   Shrine, and that the Court would direct for an
22   immediate assessment of damages.
23         Your Honor, I'm aware, and opposing counsel
24   does attest to this in his responding papers, that
25   Your Honor submitted a different -- a decision
```

3

1  essentially on this issue under LG 2 Doe, but our
2  position is, Your Honor, that the cases that would
3  be applicable and controlling here, they are both
4  Fourth Department cases, which would be Card
5  versus Polito, 55 AD2d 123 from 1976, as well as
6  Gallivan versus Pucello, 38 AD2d 876, 1972.
7  Again, those are Fourth Department cases. They
8  both address an issue where there are multiple
9  defendants, only one party had defaulted. The
10 Court found in both of those cases that the
11 plaintiffs have a right to an entry of a judgment
12 against the defaulting party; that neither of the
13 defendants in either of those cases could show
14 prejudice to having those actions severed and
15 having them have an immediate assessment of the
16 damages, which is what we are asking for here.
17     I believe that there is no real prejudice
18 that is raised by the counsel for the Diocese. He
19 simply is citing your decision on another one of
20 our cases where it indicated that there was such a
21 prejudice. But we are not -- we are in agreement
22 that there would be no collateral estoppel. They
23 would have the right to participate in any trial
24 going forward. The damages award would not be
25 prejudicial against them. It would really only

```
                                                            4
 1      limit the maximum amount of damages that our party
 2      could obtain.
 3              THE COURT:  Thank you, counsel.
 4              MR. SCUMACI:  Your Honor, Robert Scumaci for
 5      the Diocese and parishes, St. John Gualbert Church
 6      of Cheektowaga, Erie County, N, period, Y period.
 7              Judge, as we point out in our papers, the
 8      Court has already dealt with an identical motion
 9      really in an identical case.  LG 2 uses the same
10      complaint as this matter does, and the Court
11      issued a ruling in that case and has already
12      determined that the plaintiff's claim against the
13      defendant priest in that case implicates the
14      liability of the remaining defendants, including
15      the Diocese.  And they are a part of a basis for
16      the claims against the Diocese from declaring
17      retention and supervision causes of action.  The
18      Court also found that the extent of the damages
19      are contested by us, of course, and that the
20      default -- the conduct of the defaulting defendant
21      would bear on that issue.
22              So, I guess I'm asking for the Court to stand
23      with that ruling.  The Court has already found
24      that in these causes of action, the conduct of the
25      defaulting defendant does implicate the other
```

5

1  claims in the case.
2      And I think this -- these types of causes of
3  action are relatively unique, the substantive law
4  and fact pattern is different than the cases that
5  have been cited by the plaintiff here. And for
6  that reason, we think the Court should stand by
7  the ruling it made in LG 2 and make the same
8  ruling here.
9      The Court certainly does not -- it is a
10 matter of discretion, I guess, finally. And we
11 think the Court should exercise its discretion and
12 stay the entry of the judgment against the
13 defendant, the defaulting defendant in the case.
14 Thank you.
15     THE COURT: Anything in reply?
16     MS. KELLER: No, Your Honor.
17     THE COURT: Okay. After reviewing the papers
18 and hearing oral argument, the Court is ready to
19 make its decision.
20     Pursuant to the Child Victim's Act, herein
21 referred to as CVA, plaintiff commenced an action
22 against Norbert F. Orsolits, St. John Gualbert and
23 Diocesan Shrine and the Diocese of Buffalo.
24     Plaintiff now moves for a default judgment
25 pursuant to CPLR 3215(a) against Defendant Norbert

6

F. Orsolits based on his failure to answer or appear and seeks a referral for an assessment of damages and an entry of judgment in the amount determined by the assessment.

In support of the motion, plaintiff submitted an attorney affirmation, his own affidavit, and an affidavit of service. These documents sufficiently support the plaintiff's motion, and default judgment is granted against Defendant Orsolits.

With permission of the Court, plaintiff filed a supplemental attorney affidavit supporting his application that a default be granted with an order for an immediate assessment of damages against the defaulting defendant, and for the first time, seeks a severance.

The nondefaulting defendants, the Diocese of Buffalo and affiliated entities oppose the immediate assessment of damages.

In previous CVA cases, this Court has granted default judgments, but stayed entry of a judgment against the defaulting defendant until trial or other disposition with the non-defaulting defendants.

Pursuant to CPLR 3215(d), quote: Whenever a

7

1  defendant has answered and one or more other
2  defendants have failed to appear, upon application
3  to the court within one year after the default of
4  any such defendant, the court may enter an ex
5  parte order directing that proceedings for the
6  entry of a judgment or the making of an assessment
7  be conducted at the time of or following the trial
8  or other disposition of the action against the
9  defendant who answered, end of quote.
10  Quote: When dealing with multiple
11  defendants, CPLR 3215(d), upon application of the
12  party, imbues the Supreme Court with the
13  discretion to make an order permitting further
14  proceedings against a defaulting party to occur
15  when the matter is tried, or after there has been
16  a disposition against the non-defaulting parties,
17  without regard to the one-year time period
18  otherwise imposed by CPLR 3215(c) for taking
19  proceedings for the entry of a judgment after a
20  party's default, end of quote. Ramirez versus
21  Islandia, I-S-L-A-N-D-I-A, Executive Plaza, LLC,
22  92 AD3d 747.
23  Here, there are multiple defendants, two who
24  appeared, and one is -- who is in default. The
25  plaintiff has moved against the defaulting party,

8

within one year of the default, and pursuant to CPLR 3215(d), the making of an assessment will be conducted at the time of trial or other disposition of the action against the answering defendants.

Motion is granted in part, and denied in part. Plaintiff is to submit an order within 30 days, attaching a transcript of the proceedings to the order. Thank you.

\* \* \* \* \*

Certified to be a true and accurate transcript of the minutes and/or testimony taken herein transcribed into English text through Computer Assisted Transcription.

_____
Lisa G. Pazderski, Supreme Court Reporter