UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re
     THE DIOCESE OF BUFFALO, N.Y.,         BK 20-10322 CLB

               Debtor           <u>REVISED DECISION & ORDER</u>
--------------------------------------------------------

     THE DIOCESE OF BUFFALO, N.Y.,

          Plaintiff,         AP 20-1016 CLB

    v.

     JMH 100 DOE, et al,

          Defendants.

--------------------------------------------------------

Bond, Schoeneck & King, PLLC
Stephen A. Donato, Esq., Charles J. Sullivan, Esq.,
Grayson T. Walter, Esq., of counsel
One Lincoln Center
Syracuse, New York 13202-1355
Attorneys for The Diocese of Buffalo, N.Y.

Blank Rome LLP
James R. Murray, Esq, of counsel
1825 Eye Street NW
Washington, DC 20006
Co-Counsel for The Diocese of Buffalo, N.Y.

Pachulski Stang Ziehl & Jones LLP
Ilan D. Scharf, Esq., and Brittany M. Michael, Esq., of counsel
780 Third Avenue, 34th Floor
New York, New York 10017
Attorneys for Official Committee of Unsecured Creditors

Gleichenhaus, Marchese & Weishaar, PC
Scott Bogucki, Esq., of counsel
43 Court Street, Suite 930
Buffalo, New York 14202
Co-Counsel for Official Committee of Unsecured Creditors

Woods Oviatt Gilman LLP
Timothy P. Lyster, Esq., of counsel
1900 Bausch & Lomb Place
Rochester, NY 14604
Co-Counsel for Parish Steering Committee

Elsaesser Anderson, CHTD.
J. Ford Elsaesser, Esq., of counsel
414 Church St Ste 201
Sandpoint, ID 83864
Co-Counsel for Parish Steering Committee

Lipsitz Green Scime Cambria LLP
Richard Weisbeck, Esq., and Amy Keller, Esq., of counsel
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Attorneys for Various Defendants

Jeff Anderson & Associates, PA
Stacey Benson, Esq., of counsel
366 Jackson Street, Suite 100
Saint Paul, Minnesota 55101
Attorneys for Various Defendants

Steve Boyd, PC
Stephen Boyd, Esq., of counsel
40 North Forest Rd
Williamsville, New York 14221
Attorneys for Various Defendants

Law Offices of Mitchell Garabedian
Mitchell Garabedian, Esq., William H. Gordon, Esq., of counsel
100 State Street, 6th Floor
Boston, Massachusetts 02109
Attorneys for Various Defendants

Office of the U.S. Trustee
Jill M. Zubler, Esq.
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202
Trial Attorney

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

The Diocese of Buffalo requests the entry of an order approving a stipulation to stay the prosecution of state court litigation as against parishes and other entities having an affiliation with the debtor. The central issue is the authority of the Official Committee of Unsecured Creditors to consent on behalf of affected claimants. For the reasons stated hereafter, the motion of the Diocese is granted in part and denied in part.

In February of 2019, New York State reopened the applicable statute of limitations to allow childhood victims of sexual abuse to assert claims that had otherwise been barred by the passage of time. *See* Child Victims Act, 2019 N.Y. Sess. Laws c. 11, § 3. As a consequence, by the end of February 2020, more than 250 plaintiffs had filed actions against the Diocese of Buffalo for damages allegedly arising from sexual abuse. With an expectation of even more actions, the Diocese filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2020. In due course thereafter, the United States Trustee appointed a Committee of Unsecured Creditors.

The Diocese of Buffalo is an incorporated entity that serves the community of Latin Rite Catholics in the eight counties of Western New York. Various parishes, regional schools and other affiliates operate within the Diocese. All are separately

incorporated, but to date, only the Diocese has filed for bankruptcy protection. In many of the actions against the Diocese, plaintiffs have named affiliated entities as co-defendants. Other plaintiffs have elected to commence separate actions against the Diocese and affiliated entities to recover damages arising from the same alleged incidents of child abuse. Still others may have chosen to pursue claims only against affiliated entities.

On May 2, 2020, the Diocese of Buffalo commenced the above referenced adversary proceeding against the various plaintiffs who had brought actions under the Child Victims Act to recover damages from parishes and other entities affiliated with the Diocese of Buffalo. In its complaint, the Diocese seeks a judgment declaring that 11 U.S.C. § 362(a) operates to stay all such litigation. Alternatively, the Diocese requests a preliminary and permanent injunction barring the commencement or continued prosecution of abuse claims against the affiliates. On the same day that it filed its complaint, the Diocese filed a motion for an expedited grant of the injunction sought in the adversary proceeding. Various creditors and the Official Committee of Unsecured Creditors opposed the requested relief. After giving due consideration to both written and oral argument, the Court issued a Decision and Order dated July 2, 2020. See *In re Diocese of Buffalo, N.Y.*, 618 B.R. 400 (Bankr. W.D.N.Y. 2020).

This opinion will incorporate the findings of fact and conclusions of law recited in the prior Decision and Order of the Court. For the reasons explained therein, we

treated the debtor's May 2nd motion as a request for a preliminary injunction. The various claims of abuse were based on events that allegedly occurred over a span of decades that began in the 1940's. At the time of the prior hearing, the Diocese and its parishes were still studying the existence and nature of insurance coverage. Until those investigations were completed, we could not reject the assertion that litigation against affiliated entities might impact insurance coverage of the Diocese. To allow the debtor an opportunity to demonstrate the applicability of the automatic stay provisions of 11 U.S.C. § 362, we granted a preliminary injunction with regard to the prosecution of existing actions against affiliates until September 15, 2020. However, the Decision and Order of July 2 recited the following caution:

> "Before considering any request for an extension of this preliminary injunction, the Court will look for substantial progress in the collection of evidence sufficient to prove the nature and scope of insurance coverage. The parties should be mindful that a preliminary injunction serves only to preserve the status quo until such time as this Court can conduct a trial on the merits of the request for a declaratory judgment."

618 B.R. at 407. Because the Diocese made no request either for an extension of the July 2nd Order or for a hearing on the merits of its adversary proceeding, the preliminary injunction expired on September 15, 2020.

On October 9, 2020, the Diocese filed the present motion to approve a

stipulation for the entry of an order staying litigation against affiliated entities[1] to recover damages for child abuse. Pursuant to the stipulation, the Diocese consented to the production of documents and parishes agreed to restrictions on the transfer of assets. The stipulation was signed by the respective counsel for the Diocese, the Official Committee of Unsecured Creditors and the parishes affiliated with the Diocese. The plaintiffs in actions against parishes did not themselves sign the stipulation, but at the hearing on the motion, counsel for a majority of plaintiffs consented to the proposed stay. However, 35 plaintiffs objected. They contended that because the parishes are separate corporations who are not themselves in bankruptcy, no stay should impede litigation against anyone other than the Diocese itself.

Discussion

Section 362(a) of the Bankruptcy Code states that the filing of a bankruptcy petition imposes an automatic stay of eight types of activity. These include a stay with regard to "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). Although this subdivision would apply to litigation against the Diocese itself, it does not extend to the benefit of non-debtor affiliates. Instead, with regard to litigation against affiliates, the

---

[1] This decision and order does not address claims that may be asserted against Catholic Health System, Inc. Any application of the stipulation to Catholic Health System, Inc., will be the subject of a separate order.

Diocese suggests the application of 11 U.S.C. § 362(a)(3), which imposes a stay on any "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The Diocese asserts that property of the estate might include rights under policies of liability insurance, and that to the extent coverage is joint for the benefit of the Diocese and its affiliates, the use of such insurance to defend affiliates may impact the Diocese. For now, this impact is a mere assertion of possibility without substantiation, as the Diocese has yet to present evidence regarding insurance. Declaratory relief based on the application of section 362(a)(3) involves issues of fact that we can duly consider at a trial of the adversary proceeding.

Rather than to address the merits of its complaint, the Diocese negotiated a stipulation to temporarily stay litigation in state court against parishes and other affiliates. No provision of the Bankruptcy Code impedes the ability of litigants in such actions to agree among themselves to postpone the prosecution of claims. The problem here is that the stipulation was not signed by plaintiffs or their counsel, but only on behalf of the Diocese, its parishes and the Official Committee of Unsecured Creditors. Thus at issue is whether the Committee can stipulate to an agreement that affects actions brought by abuse claimants in state court.

Section 1103 of the Bankruptcy Code defines the powers and duties of a committee of creditors. After identifying other functions not here at issue, the statute

states that a committee "may . . . perform such other services as are in the interest of those represented." 11 U.S.C. § 1103(c)(5). As this language suggests, a committee of creditors can represent unsecured creditors in the negotiation of a stay of state litigation. Nonetheless, the general rule of agency must apply, that unless the agency is coupled with an interest, the principal retains authority to countermand its agent. *See* 3 AM. JUR. 2D *Agency* § 37 (2013). Consequently, any particular creditor may reject the Committee's stipulation for the extension of a stay. For this reason, the objection filed on behalf of 35 abuse plaintiffs is sustained, to the effect that the stipulation will have no effect on those creditors.

The right to reject a stipulation becomes meaningless unless potential objectors receive proper notice of the existence of that agreement. In the present instance, the motion of the Diocese provided such proper notice to all who were duly served. Pursuant to 11 U.S.C. § 1103(c)(5), the Committee of Creditors was authorized to negotiate the stipulation to stay litigation against parishes and affiliates. Relying only on its consent and not on any application of 11 U.S.C. § 362(a), the Court will approve the stipulation with regard to all but two classes of plaintiffs. First, the Court will impose no additional stay of actions that were initiated by the 35 objecting plaintiffs. Second, the stipulation will have no effect on parties who did not receive notice of the debtor's motion. To the extent that the debtor may wish to extend the stipulation to any additional or future plaintiff, it will need to bring a supplemental motion on proper notice.

BK 20-10322CLB; AP 20-01016CLB                                                                                                                              9

Even among those who objected to approval of the stipulation, no abuse claimant has cross-moved for relief from the automatic stay. Accordingly, nothing in this decision will modify the application of 11 U.S.C. § 362(a). To the extent that a plaintiff is concerned about the relevance of 11 U.S.C. § 362(a)(3) to actions against parishes or affiliates, that plaintiff may seek the comfort of a clarifying order under 11 U.S.C. § 362(d).

For the reasons stated herein, the Court will sustain the objection asserted by the firm of Lipsitz Green Scime Cambria, LLP, on behalf of 35 plaintiffs. Otherwise, the motion of the Diocese is granted in part, to the effect of approving the proposed stipulation as to all other plaintiffs who were served with notice.

So ordered.

Dated: December 7, 2020            /s/ Carl L. Bucki_____
      Buffalo, New York            Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

Case 1-20-01016-CLB, Doc 102, Filed 12/07/20, Entered 12/18/20 10:48:53, Description: Main Document , Page 9 of 9