UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re

    THE DIOCESE OF BUFFALO, N.Y.,           BK 20-10322 CLB

                              Debtor.           <u>DECISION & ORDER</u>

---

    THE DIOCESE OF BUFFALO, N.Y.,

                        Plaintiff,           AP 20-1016 CLB

       v.

    JMH 100 DOE, et al,

                        Defendants.

---

        Bond, Schoeneck & King, PLLC
        Stephen A. Donato, Esq., Charles J. Sullivan, Esq., of counsel
        One Lincoln Center
        Syracuse, New York 13202-1355
        Attorneys for The Diocese of Buffalo, N.Y.

        Pachulski Stang Ziehl & Jones LLP
        Ilan D. Scharf, Esq., of counsel
        780 Third Avenue, 34th Floor
        New York, New York 10017
        Attorneys for Official Committee of Unsecured Creditors

        Gleichenhaus, Marchese & Weishaar, PC
        Scott Bogucki, Esq., of counsel
        43 Court Street, Suite 930
        Buffalo, New York 14202
        Co-Counsel for Official Committee of Unsecured Creditors

        Lipsitz Green Scime Cambria LLP
        Amy Keller, Esq., of counsel
        42 Delaware Avenue, Suite 120
        Buffalo, New York 14202
        Attorneys for 49 Claimants

Office of the U.S. Trustee
Joseph W. Allen, Esq.
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

Section 362(a) of the Bankruptcy Code imposes an automatic stay of the commencement or continuation of most litigation against a debtor.  The present motion presents again the related issue of whether this Court should also stay actions involving affiliated entities.

The Diocese of Buffalo, N.Y., filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2020.  Since that date, more than 900 individuals have submitted proofs of claim for damages allegedly arising from instances of sexual abuse.  Meanwhile, many of these claimants also initiated actions in state court to recover damages for the same injuries from parishes or other entities affiliated with the Diocese.  Concerned that the prosecution of claims against affiliates would impair its ability to develop a plan of reorganization, the debtor commenced Adversary Proceeding No. 20-1016 and has filed multiple motions, all for the purpose of staying affiliate litigation even if the Diocese is not itself named as a defendant.

Most of the relevant facts are recited in four published decisions that address prior requests by the Diocese to stay actions against parishes and affiliated entities. *See In re Diocese of Buffalo, N.Y.*, 618 B.R. 400 (Bankr. W.D.N.Y. 2020); *In re Diocese of Buffalo, N.Y.*, 623 B.R. 354 (Bankr. W.D.N.Y. 2020); *In re Diocese of Buffalo, N.Y.*,

626 B.R. 866 (Bankr. W.D.N.Y. 2021); and *In re Diocese of Buffalo, N.Y.*, 633 B.R. 185 (Bankr. W.D.N.Y. 2021). We incorporate these decisions into the present opinion, and repeat only those facts that are pertinent to the current request for the extension of a temporary injunction.

The debtor and the Official Committee of Unsecured Creditors (the "Committee") have negotiated a series of stipulations to stay litigation that abuse victims have commenced in state court against the parishes and affiliates of the Diocese. However, in a decision issued on December 7, 2020, we held that the Committee possessed only limited authority to negotiate on behalf of creditors, and that individual creditors could reject any such agreement. *See In re Diocese of Buffalo, N.Y.*, 623 B.R. 354 (Bankr. W.D.N.Y. 2020). Consequently, the Committee's stipulation would not apply to objecting plaintiffs. In response to this decision, the debtor moved for the imposition of a non-consensual stay.

On March 31, 2021, we enjoined non-consenting plaintiffs from the further prosecution of claims against parishes and affiliates until October of 2021. *In re Diocese of Buffalo, N.Y.*, 626 B.R. 866 (Bankr. W.D.N.Y. 2021). Then, in a decision dated October 21, 2021, this Court exercised its authority under 11 U.S.C. § 105(a) to continue this stay through August 31, 2022. *In re Diocese of Buffalo, N.Y.*, 633 B.R. 185 (Bankr. W.D.N.Y. 2021). Recognizing the imminent termination of this injunction, the Diocese now moves to extend the stay through May 31, 2023. Forty-nine plaintiffs object.[1] In particular, they contend that further delay has the potential to irreparably

---

[1] The decision of October 21, 2021, involved the application of a stay to 36 non-consenting claimants. Counsel for the objecting creditors now advises that she represents 49 plaintiffs.

harm the possibility of recovery for wrongs committed.

## Discussion

We have previously observed that "the Chapter 11 case of the Diocese of Buffalo is extremely complicated." *In re Diocese of Buffalo, N.Y.*, 633 B.R. 185, 189 (Bankr. W.D.N.Y. 2021). Parishes and affiliates have themselves asserted claims against the Diocese for contribution and indemnity. Consequently, these potential state court defendants "have prospectively converted any judgment against them into a claim against the Diocese." *Id*. at 188. For this reason, "piecemeal litigation against some parishes will further entangle an already knotty situation and threatens to impair efforts to achieve a global resolution of claims for child abuse." *Id.* at 189. Nonetheless, our willingness to defer litigation against non-debtors is not without limits. Thus, on the occasion of our previous grant of a temporary injunction against litigation involving affiliated entities, we held that "[t]he justification for a stay under 11 U.S.C. § 105(a) will surely begin to evaporate if the debtor procrastinates in working toward a global and just settlement." *Id.*

With appropriate dispatch, the debtor has adopted strategies to resolve outstanding disputes. On October 21, 2021, this Court granted its most recent extension of a stay of litigation against parishes and affiliates. Only eight days later, the Diocese moved to refer this Chapter 11 case and two related adversary proceedings to mandatory global mediation. After giving due consideration to argument on that request, this Court decided on December 27, 2021, to refer the matter to mediation, but only after the completion of certain pre-mediation discovery.

This mandate and other exigencies delayed the first formal mediation sessions, which occurred on May 24 and June 14 of 2022. In-person mediation is now scheduled to resume on September 28 and 29.

The request to extend the current injunction must be considered in the context of the Court's subsequent directive for mediation. The present mediation timetable corresponds to the complexities that we discussed in the decision that directed the start of that process. *See In re Diocese of Buffalo, N.Y.*, 634 B.R. 839, 843 (Bankr. W.D.N.Y. 2021). No one has suggested bad faith or procrastination by the debtor or other parties in this attempt to achieve settlement. For the reasons stated in our prior decision, the Court has faith in the skills of the mediator. *Id.* at 846. Having recognized the benefit of mediation in this difficult and complex case, we must allow that process to continue for a reasonable time without the distraction of state court litigation.

Counsel for the non-consenting claimants advises that at least three of her clients have died since the Diocese filed its bankruptcy petition. Our sympathy for their passing reinforces the need to seek an expeditious resolution of claims. We believe that the Diocese and the Committee were reasonable in suggesting mediation as an appropriate method for achieving that goal. *See In re Diocese of Buffalo, N.Y.*, 634 B.R. 839, 843-44 (Bankr. W.D.N.Y. 2021). Nonetheless, if circumstances compel, counsel may seek stay relief to pursue whatever options the state may allow to preserve testimony by witnesses with failing health.

For the reasons stated herein, the Court finds good cause to enjoin 49 non-

consenting claimants from the prosecution of litigation against parishes and affiliates. Fairness demands, however, that similar creditors experience similar impact from any injunctive relief. All should share equal opportunity for access to state court, if and when such access is allowed. On behalf of non-objecting creditors, the Committee has agreed to stay litigation against parishes and affiliates through September 30, 2022. Although the debtor contemplates a voluntary extension, the Committee has not yet stipulated to that outcome. With regard to the 49 non-consenting claimants, therefore, the debtor's motion is granted in part, to the effect that their litigation against parishes and affiliates will be stayed through May 31, 2023, or such earlier date on which the Committee's stipulation terminates without extension. If claimants believe that changing circumstances no longer justify a temporary injunction, they may move for stay relief at any time.

    So ordered.

Dated: August 11, 2022          \_/s/ Carl L. Bucki_____
       Buffalo, New York          Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.