

**LOS ANGELES**
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

**NEW YORK**
780 THIRD AVENUE, 34TH FL.
NEW YORK, NEW YORK 10017-2024
212.561.7700

**WILMINGTON**
919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

**HOUSTON**
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

**SAN FRANCISCO**
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

Ilan D. Scharf    November 20, 2023    212.561.7721
ischarf@pszjlaw.com

<u>**VIA E-FILING**</u>

The Honorable Carl L. Bucki
United States Bankruptcy Court
Western District of New York
Robert H. Jackson, U.S. Courthouse
2 Niagara Square
Buffalo, NY  14202

   Re: <u>In re. The Diocese of Buffalo, N.Y.
      Case No. 20-10322 (CLB)</u>

Dear Judge Bucki:

  On October 23, 2023, the Diocese filed the Motion For Entry of an Order Pursuant to 11 U.S.C. § § 105(a) and 362(a) Enjoining the Prosecution of Certain State Court Lawsuits [Docket No. 289] (the "Motion").  An evidentiary hearing on the Motion is scheduled for November 28, 2023 (the "Hearing").  By this letter, the Committee requests that the Court decline to hear testimony in support of the Motion that was first disclosed to the Committee after close of business on Friday.

  The Twelfth Notice of Extension of the Agreed Stipulation Staying the Prosecution of Certain Lawsuits [Docket No. 284] expired on September 30, 2023.  Thereafter, the Diocese filed its Motion and scheduled the Hearing.  The Diocese, represented by highly experienced counsel, filed declarations of James R. Murray and Melissa Potzler in support of the Motion. The Motion also references a declaration of John M. Scholl filed in support of the Diocese's first day filings.

  The Committee recognizes that survivors have waited more than three and a half years for justice in this Diocese and that every day without resolution causes further trauma to survivors.  Given the November 28 Hearing (and the Thanksgiving holiday), the



Committee agreed to file its opposition papers no later than November 21, 2023. The Committee promptly sought discovery by issuing demands for written discovery and notices of deposition for Mr. Murray, Mr. Scholl and Ms. Potzler. The Committee and Diocese were able to stipulate to facts sufficient to avoid the deposition of Mr. Murray and on November 15 and 16 the Committee deposed, respectively, Ms. Potzler and Mr. Scholl. Following the deposition of Mr. Scholl on November 16 (off the record), the Diocese informed the Committee that it was "considering" calling an additional witness at the Hearing. The Committee immediately expressed a negative reaction to a new witness being proposed after deposition discovery had been concluded.

At 5:16 p.m. prevailing Eastern Time on Friday, November 17, the Diocese first informed the Committee that it intends to call Mr. Rick Suchan, the Diocese's Chief Operating Officer, as a witness at the Hearing. The Diocese did not provide a declaration of Mr. Suchan in support of the Motion, an outline or overview of his proposed testimony, or any indication of how Mr. Suchan's testimony will differ from Ms. Potzler's or Mr. Scholl's (except perhaps for having the benefit of being coached on the questions that were asked of the other two witnesses in the depositions). Nor did the Diocese explain why this additional testimony was necessary or why it was only presented at the last minute. Committee has not had an opportunity to depose Mr. Suchan and will not in the four business days remaining prior to the hearing.

The Diocese and its counsel are clearly aware of the Diocese's burden to sustain the Motion. It controlled its witness selection and the topics of their testimony. It could have submitted a supporting declaration by Mr. Suchan or disclosed an intent to call him as a witness at the time it filed the Motion. The Diocese didn't do so. Instead, the Diocese engaged in rank gamesmanship by holding Mr. Suchan back so that Committee counsel would not have an opportunity to depose him before the Hearing.

The Diocese's last-ditch effort to fill evidentiary holes that its initial witnesses have left after their deposition should not be allowed to prejudice the Committee by either delaying the hearing or allowing the witness to testify without having gone through the same procedural and evidentiary safeguards through which the



Diocese's declarants have passed. Depositions allow parties to streamline cross-examinations of witnesses, while cross-examination of undisclosed witnesses is likely to take far longer.

   The Committee therefore requests that the Court prohibit the Diocese from calling additional witnesses beyond its three declarants: Mr. Murray, Ms. Potzler, and Mr. Scholl.

           Respectfully submitted,

           */s/Ilan D. Scharf*

           Ilan D. Scharf