UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 20-10322 (CLB) |
| The Diocese of Buffalo, N.Y., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| The Diocese of Buffalo, N.Y., | |
| Plaintiff, | Adversary No. 20-01016 |
| v. | |
| JMH 100 Doe, *et al.,* | |
| Defendants. | |

**RESPONSE OF BILLY EVANS AND HEATHER EVANS, INDIVIDUALLY AND AS NATURAL GUARDIANS OF O.E., IN OPPOSITION TO PLAINTIFF'S MOTION OF FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) and 362(a) ENJOINING THE PROSECUTION OF CERTAIN STATE COURT LAWSUITS**

Billy Evans and Heather Evans, individually and as natural guardians of O.E., an Infant ("Infant"), through their undersigned counsel, hereby submits the following response in opposition to the Diocese of Buffalo, N.Y. ("Diocese") motion pursuant to 11 U.S.C. §§ 105(a) and 362(a) enjoining the prosecution of certain state court lawsuits.

1. I am an attorney with the law firm of Steve Boyd, P.C., and licensed to practice law in the State of New York, Western District of New York and the U.S. Bankruptcy Court for the Western District of New York.

2. I represent Billy Evans and Heather Evans, Individually and as Natural Guardians of O.E., an Infant (collectively "Infant") plaintiffs in a lawsuit filed in Erie County Supreme Court under the caption <u>Billy Evans and Heather Evans, Individually and as Natural Guardians of O.E.,</u>

1

an Infant v. Southtowns Catholic School, J.L., an Infant, by Michael Livecchi and Clara Livecchi, his Parents and Natural Guardians, Index No.: 801322/2019, before the Hon. Kelly Vacco, J.S.C.

3. The Infant's claim in Erie County Supreme Court does not name the Diocese as a defendant, and his claim against Southtowns Catholic School ("School") was not previously stayed either by the stipulated agreement of the parties to the bankruptcy or by this Court's orders staying certain additional CVA claims involving survivors represented by Lipsitz Green. In its recent motion, the Diocese added the Infant's Supreme Court matter to the list of cases it now seeks to have stayed.

4. This response is limited to the Infant's opposition to the Diocese's improper inclusion of this matter on its list of stayed cases.

5. To the extent applicable, the Infant adopts all additional arguments submitted in opposition to the Diocese's motion seeking its denial in its entirety.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

6. Infant O.E. was abused by another student, Infant J.L., while a student at the School in the fall and winter of 2018. A lawsuit against the School was filed by Infant's former attorney, the late Leonard Berkowitz, Esq., on or about January 24, 2019. The original complaint was returned for correction. A copy of the subsequently submitted Amended Verified Complaint is attached as **Exhibit A**. The School, represented by Dennis K. Schaeffer, Esq. of Bond, Schoeneck & King, PLLC (the same firm representing the Diocese in this bankruptcy) filed a Verified Answer with Cross-Claim on September 3, 2019, a copy of which is attached as **Exhibit B**.

7. Infant's lawsuit against the School was filed prior to the enactment of the Child Victims Act ("CVA") and does not involve abuse remote in time that would fall under the CVA.

2

Case 1-20-01016-CLB, Doc 303, Filed 11/21/23, Entered 11/21/23 16:07:11, Description: Main Document , Page 2 of 9

an Infant v. Southtowns Catholic School, J.L., an Infant, by Michael Livecchi and Clara Livecchi, his Parents and Natural Guardians, Index No.: 801322/2019, before the Hon. Kelly Vacco, J.S.C.

3. The Infant's claim in Erie County Supreme Court does not name the Diocese as a defendant, and his claim against Southtowns Catholic School ("School") was not previously stayed either by the stipulated agreement of the parties to the bankruptcy or by this Court's orders staying certain additional CVA claims involving survivors represented by Lipsitz Green. In its recent motion, the Diocese added the Infant's Supreme Court matter to the list of cases it now seeks to have stayed.

4. This response is limited to the Infant's opposition to the Diocese's improper inclusion of this matter on its list of stayed cases.

5. To the extent applicable, the Infant adopts all additional arguments submitted in opposition to the Diocese's motion seeking its denial in its entirety.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

6. Infant O.E. was abused by another student, Infant J.L., while a student at the School in the fall and winter of 2018. A lawsuit against the School was filed by Infant's former attorney, the late Leonard Berkowitz, Esq., on or about January 24, 2019. The original complaint was returned for correction. A copy of the subsequently submitted Amended Verified Complaint is attached as **Exhibit A**. The School, represented by Dennis K. Schaeffer, Esq. of Bond, Schoeneck & King, PLLC (the same firm representing the Diocese in this bankruptcy) filed a Verified Answer with Cross-Claim on September 3, 2019, a copy of which is attached as **Exhibit B**.

7. Infant's lawsuit against the School was filed prior to the enactment of the Child Victims Act ("CVA") and does not involve abuse remote in time that would fall under the CVA.

8. Based on the "Diocese of Buffalo Coverage Chart 1973-2020" submitted by James R. Murray, Esq., on June 5, 2020 to apprise this Court of potential coverage for CVA claims, a copy of which is attached as **Exhibit C**, the policy covering the Diocese and related entities in 2018 is not implicated in the CVA cases as it is not listed as a potential source of coverage. This is presumably because incidents occurring in 2018 would not fall under the CVA.

9. In 2022, an issue arose in the state court case regarding whether the matter was stayed as a result of the Diocese bankruptcy proceedings. On May 31, 2022, when Infant's matter was pending before the Hon. Catherine Nugent-Panepinto, J.S.C., Mr. Schaeffer emailed Judge Nugent-Panepinto's law clerk that he had been informed that this Court had recently extended a stay of all cases against the School. On June 1, 2022, Mr. Schaeffer submitted an email to the law clerk stating that he had spoken with one of his partners at the law firm who was involved in the Diocese bankruptcy and reiterated that he believed Infant's matter against the School was stayed. A copy of these emails is attached as **Exhibit D**.

10. Prior to the Diocese's recent motion, the Infant's lawsuit against the School has never appeared on the list of cases stayed by this Court.

11. On January 24, 2023, the School filed a motion in Erie County Supreme Court seeking a stay of proceedings in light of the bankruptcy proceedings before this Court.

12. On February 7, 2023, the Infant filed an Affirmation in Opposition to the School's motion arguing that given the complexity of the bankruptcy proceedings, it would be better to proceed before this Court instead of having the Erie County Supreme Court make a ruling based on piecemeal information provided to it in the party's submissions. Infants' additional arguments included that (1) the court documentation relied upon by the School specifically stated that it addressed CVA cases and did not apply to this non-CVA matter, (2) that Infant's action was not,

and has never been, listed in the schedules of stayed actions provided to and approved by this Court, (3) that the agreement to stay CVA matters and subsequent order of this Court entitled certain rights that Infant was never afforded because his matter was not listed in the stayed CVA matters, and (4) that this Court has previously stated in its December 7, 2020 Revised Decision & Order that unlisted parties were not affected by the stay order, that the Order has no effect on parties who did not receive notice of the debtor's motion, and that the proper method if the Diocese sought to extend the stay to an additional party was to bring a supplemental motion on proper notice.

13. On February 10, 2023, the School filed a reply in which it conceded that Infant's matter was not a CVA matter and did not implicate any insurance policy relevant to the CVA cases, but that it was the position of the Diocese that all sex abuse cases would be resolved solely through the bankruptcy proceedings despite this Court giving the Diocese discretion to proceed with non-CVA claims.

14. Following oral argument, Judge Vacco reserved decision and indicated to the parties that the issue may be better raised before this Court. Defense counsel for the School indicated that he would speak with counsel for the Diocese regarding how they wished to proceed.

15. On June 26, 2023, I emailed defense counsel asking whether a motion would be filed before this Court. On July 5, 2023, defense counsel responded that no motion had been made and the Diocese attorneys were awaiting this Court's decision on certain stayed CVA cases represented by Lipsitz Green before deciding how to proceed with Infant's matter. A copy of this email exchange is attached as **Exhibit E**.

16. On August 11, 2023, Judge Vacco's law clerk emailed counsel for a status update. Defense counsel responded on August 14, 2023 that the School never contemplated moving in

4

bankruptcy court because the issue involved Diocese assets and the Diocese would have to move. No explanation was offered as to why the School believed it had standing to move on issues concerning Diocese assets in state court under the same circumstances. Defense counsel further stated that he would speak with Diocese counsel from his office regarding their position on filing a motion in this Court. Defense counsel subsequently confirmed on September 14, 2023 that the Diocese did not intend to move for a stay in this Court, and Judge Vacco decided to proceed with issuing a decision. A copy of this email exchange is attached as **Exhibit F**.

17. On October 10, 2023, Judge Vacco heard additional oral argument on the motion and issued a ruling from the bench denying the School's request for a stay. A written Order denying the School's motion for a stay was issued by Judge Vacco on October 23, 2023, a copy of which is attached as **Exhibit G**. To date, no appeal of that order has been filed.

18. On that same date, the Diocese filed its Motion for Entry of an Order pursuant to 11 U.S.C. §§ 105(a) and 362(a) Enjoining the Prosecution of Certain State Court Lawsuits.

19. Neither my clients nor I ever received notice from the Diocese or Southtowns Catholic that this motion was filed and that Infant's matter was being added to the list of stayed cases, as was required by this Court's prior order. Instead, the attorneys in my office involved in the bankruptcy proceedings brought it to my attention after reviewing the Diocese's motion.

20. Based on my review of the motion, the Diocese made no effort to clarify that it was seeking to add Infant's matter to the list of previously stayed cases. Instead, it added Infant's matter to the lengthy list of cases without alerting the Court or counsel that Infant's matter was now appearing on this list, and without attaching the prior pleadings and procedural history regarding the stay denied by Justice Vacco.

## ARGUMENT

21. The documentary evidence establishes that the Diocese's attorneys were aware no later than June of 2022 that Infant's claim against the School was proceeding in Erie County Supreme Court. Although Infant's matter was not included in either the cases stayed by stipulation between the Diocese and the Committee or among the cases of survivors represented by Lipsitz Green stayed by order of this Court, after speaking with counsel for the Diocese, the School's attorney represented to the Erie County Supreme Court that Infant's claim against the School was stayed in the bankruptcy proceedings.

22. This Court's Revised Decision & Order filed December 7, 2020 approving the stipulation to stay specifically states "the stipulation will have no effect on parties who did not receive notice of the debtor's motion. To the extent the debtor may wish to extend the stipulation to any additional or future plaintiff, it will need to bring a supplemental motion on proper notice."

23. Despite being aware since at least June of 2022 that Infant's claim remained pending in Erie County Supreme Court, the Diocese never brought a motion on proper notice to add Infant's claim to the list of stayed claims.

24. As set forth above, neither I nor my clients received notice that the Diocese was seeking to add the Infant's claim to the list of claims it sought to stay, nor did we receive proper notice of this motion. To the extent service upon my colleagues may be considered notice, this Court required "proper notice," and it is respectfully submitted that burying Infant's claim in an extensive list of matters previously stayed without any other indication of its addition does not constitute proper notice.

25. Instead of complying with this Court's mandated procedure for adding parties to the list of stayed matters, it was represented to the Erie County Supreme Court through counsel in

6

2022 that the Diocese's position was that the matter was already stayed. The Diocese is well aware of the Court mandated procedure, having previously followed it when seeking to add additional plaintiffs. See Second Motion for Entry of Order Approving Stipulation of Staying Prosecution of Certain Lawsuits Against Additional Stay Parties filed March 30, 2022 (CM/ECF Doc. No. 210).

26. The decision not to pursue its proper remedy was compounded after Bond, Schoeneck & King, PLLC, filed a motion to have Infant's claim against the School stayed in Erie County Supreme Court.

27. The documentary evidence establishes that counsel for the School and the Diocese were in communication regarding the issue well before the filing of the motion in state court, and it was nonetheless determined that a motion to request a stay would be pursued by the School's attorney in state court with no motion being brought before this Court.

28. Thereafter, Judge Vacco specifically reserved her decision on the stay for approximately six months to give the School and the Diocese the opportunity to determine whether they would proceed with a proper request to have the matter stayed before this Court. The documentary evidence establishes that the respective attorneys at Bond, Schoeneck & King, PLLC, conferred on this issue, and the Diocese chose not to move in this Court. (See Exs. E, F).

29. Not only did they not move during the six months Judge Vacco's decision was pending, but it was represented to Judge Vacco by Bond, Schoeneck & King, PLLC on September 14, 2023 that the Diocese attorney's had determined they would <u>not</u> file a request for a stay before this Court (See Ex. F). Judge Vacco subsequently placed the matter back on her court calendar and ruled that Infant's claim against the School was not stayed (See Ex. G).

30. Despite the representation that no stay would be sought before this Court, approximately six weeks later and after receiving an adverse ruling from Judge Vacco, the Diocese filed the subject motion including the Infant's claim against the School on the list of matters it seeks to stay.

31. In sum, for a minimum of seventeen months prior to filing its motion, the Diocese, through its attorneys, was aware that Infant's claim was proceeding in state court. It was further aware of the proper procedure issued by this Court to seek a stay, and aware that a motion had been filed in state court that did not comport with this Court's promulgated procedure. Despite being given the specific opportunity by Judge Vacco to move for a stay before this Court, it was communicated to Judge Vacco that the Diocese did "not intend to bring a motion before Judge Bucki regarding this matter" (See Ex. F).

32. Shortly after receiving an adverse ruling, the Diocese attorneys did, in fact, bring such motion by burying the Infant's claim in the extensive list of other cases that were previously stayed. The Diocese does not address its addition anywhere in its motion, never notified the Infant or his counsel that the motion had been made and makes no mention of the adverse ruling before the state court on the same issue for this Court's consideration.

33. Under such circumstances, it is respectfully submitted that this Court should not now allow the Diocese to circumvent Judge Vacco's determination. Judge Vacco gave the Diocese a full and fair opportunity to proceed before this Court, delayed her final determination for more than six months to give the Diocese the opportunity to file for a stay in this Court, and even then, did not issue her decision until after receiving confirmation that the Diocese would not seek a stay from this Court.

8

Case 1-20-01016-CLB, Doc 303, Filed 11/21/23, Entered 11/21/23 16:07:11, Description: Main Document , Page 8 of 9

34.     The Diocese had ample opportunity to proceed in this Court and should not be allowed to pursue the same issue in a different venue where a stay was denied by the state court. Having represented to the state court that they would not file before this Court, they should be estopped from doing so now.

WHEREFORE, it is respectfully requested that the Diocese request for a preliminary injunction with respect to the Erie County Supreme Court action <u>Billy Evans and Heather Evans, Individually and as Natural Guardians of O.E., an Infant v. Southtowns Catholic School, J.L., an Infant, by Michael Livecchi and Clara Livecchi, his Parents and Natural Guardians</u>, Index No.: 801322/2019, be denied.

Dated: November 21, 2023

<u>/s/ Leah Costanzo, Esq.</u>
Leah Costanzo, Esq.
Steve Boyd, P.C.
2969 Main Street, Suite 100
Buffalo, New York 14214
(716) 600-0000
lcostanzo@steveboyd.com
