

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com
600 Third Avenue | New York, NY 10016-1915 | bsk.com

**STEPHEN A. DONATO, ESQ.**
donatos@bsk.com

Syracuse
P: 315.218.8336
F: 315.218.8436

New York
P: 646.253.2351
F: 646.253.2301

November 21, 2023

**VIA ELECTRONIC FILING**

Chief Judge Carl L. Bucki
United States Bankruptcy Court
Western District of New York
Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, New York  14202

Re: *The Diocese of Buffalo, N.Y. Chapter 11 Case No. 20-10322 (Adv. No. 1-20-01016)*

Dear Judge Bucki:

I write on behalf of the Diocese of Buffalo, N.Y. (the "Diocese") in response to the November 20, 2023 letter filed by Committee counsel in this matter (the "Preclusion Letter"). In the Preclusion Letter, Committee counsel asks Your Honor to preclude the Diocese from calling its Chief Operating Officer, Mr. Richard C. Suchan, as a witness at the hearing (the "Hearing") scheduled for November 28, 2023 on the Diocese's Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 362(a) Enjoining the Prosecution of Certain State Court Lawsuits [Dkt. No. 289] (the "Motion"). As established below, the Committee's request is meritless, and, respectfully, should be denied in its entirety.[1]

As the Diocese's Chief Operating Officer, Mr. Suchan has been intimately involved in many facets of this Chapter 11 proceeding, and he would play a similarly involved role in the Diocese's handling of Abuse Actions if they are permitted to move forward. As such, Mr. Suchan's anticipated testimony is clearly relevant to the Motion. Tellingly,

---

[1] It remains unclear to the Diocese how Committee counsel and individual State Court counsel can oppose a standstill of litigation against the Related Parties of the Diocese, thereby advancing a litigation strategy that would indisputably place certain CVA claimants at a disadvantage vis-à-vis certain other CVA claimants, particularly where certain such disparately treated claimants are represented by the same counsel.

Committee counsel does not dispute, and thus implicitly concedes, the relevance of Mr. Suchan's anticipated testimony.

Committee counsel also does not cite a single law or rule in the Preclusion Letter that would purportedly support, let alone require, the preclusion of Mr. Suchan's testimony at the Hearing. Rather, the Committee makes the equitable argument that it would be prejudiced if Mr. Suchan is permitted to testify at the Hearing without first being deposed. That argument is baseless for multiple reasons.

First, and most importantly, the Committee will have the opportunity at the Hearing to conduct a fulsome cross examination of Mr. Suchan.

Second, no law or rule grants the Committee the absolute right to depose every witness that may potentially be put forth by the Diocese in support of its Motion. Nonetheless, while the Committee admits it learned that the Diocese was considering calling Mr. Suchan as a witness at least 12 days prior to the Hearing, the Committee never requested to take Mr. Suchan's deposition. The Diocese would have accommodated any such request, and remains open to doing so.

Third, the Committee has at all times been well aware of Mr. Suchan, his role, and his relevance to the Motion. In fact, the Committee questioned Ms. Potzler extensively during her deposition regarding Mr. Suchan's involvement in the Chapter 11 proceeding and his anticipated involvement in the Abuse Actions if they are permitted to move forward.

Moreover, contrary to Committee counsel's hyperbolic claims in the Preclusion Letter, the Diocese has not engaged in any gamesmanship. The Diocese disclosed the fact that it intended to call Mr. Suchan as a witness as soon as it made a final determination that his testimony would be necessary. The Diocese was of course not required to file a supporting declaration by each and every potential witness, and the Diocese never informed the Committee that it intended to call as witnesses at the Hearing only those individuals whose declarations were filed in support of the Motion.

To the contrary, when Committee counsel asked the Diocese on November 14, 2023 to agree that "[t]he declarations submitted with the motion and those incorporated by reference therein (FN. 3 of the Motion) constitute the entirety of the direct examination at the PI hearing" and that "[t]here will be no live direct testimony," Diocese counsel responded that same day, stating that the Diocese "would be willing to agree that Melissa Potzler and John Scholl's direct testimony for purposes of the PI hearing would be limited to their respective declarations, while reserving the right to (i) file reply declarations from them, and (ii) conduct re-direct examination in response to either

Committee cross-examination or any questioning by the Court." (emphasis added). As such, the Diocese's stipulation expressly applied only to the testimony of Ms. Potzler and Mr. Scholl, and any feigned surprise in this regard by the Committee is disingenuous.

In sum, the Diocese intends to call Mr. Suchan as a witness because his testimony is indisputably relevant to the Motion, and the Diocese believes that his testimony will assist Your Honor in making a full and fair determination on the Motion. The purported bases upon which the Committee seeks to preclude Mr. Suchan's testimony are factually and legally baseless. Permitting Mr. Suchan to testify will not prejudice the Committee in any way. To the contrary, the only potential prejudice would be to the Diocese if it is not permitted to offer at the Hearing the relevant testimony of is Chief Operating Officer. Accordingly, the Diocese respectfully requests that Your Honor deny the request set forth in the Preclusion Letter.

I appreciate the Court's consideration in this matter. I am available at the Court's convenience should Your Honor have any questions or concerns.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Stephen A. Donato

SAD/ta

cc: Ilan D. Scharf, Esq.
James R. Murray, Esq.
Charles J. Sullivan, Esq.