UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE DIOCESE OF BUFFALO, N.Y.,<br><br>                      Debtor. | Case No. 20-10322 (CLB)<br><br>Chapter 11 |
| The Diocese of Buffalo, N.Y.,<br><br>                      Plaintiff,<br><br>    v.<br><br>JMH 100 Doe, *et al.*[1]<br><br>                      Defendants. | Adversary No. 20-01016 |

**GENERAL AND SPECIFIC OBJECTIONS TO DECLARATION OF JOHN M. SCHOLL REGARDING THE DIOCESE'S SELF-INSURANCE PROGRAM AND AVAILABLE INSURANCE COVERAGE**

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Diocese of Buffalo, New York (the "Diocese") objects to the Direct Testimony of John Scholl [Adversary Docket No. 5] (the "Testimony"), submitted by the Diocese in support of its Motion for a Preliminary Injunction Under 11 U.S.C. §§ 362 and 105(a).

**GENERAL OBJECTIONS**

John Scholl is the Director of Insurances Services for the Diocese. The Committee objects to Mr. Scholl's testimony to the extent it purports to provide expert testimony.. He

---

[1] A full list of the Defendants in this adversary proceeding is attached as Exhibit A to the Diocese's complaint, which has been redacted to protect the privacy interests of survivors.

acknowledges he is not a lawyer (Tr. 69:4-5). Therefore, Mr. Scholl's testimony is limited to lay person testimony based on his personal knowledge. Frequently Mr. Scholl's testimony deviates from that standard.

The Committee objects also generally that Mr. Scholl's Testimony is rife with hearsay and speculation. Mr. Scholl's Testimony fails to explain the basis for much of the information he testifies to regarding individual State Court Actions, and makes unsupported conclusions regarding the effects of such litigation on the estate.

Below, the Committee objects specifically to particular paragraphs of Mr. Scholl's Testimony to the extent the statements lack foundation, are speculative, conclusory, not based on his personal knowledge, not based on his perception, or outside the scope of his non-legal experience.

## SPECIFIC OBJECTIONS

| Pg./Para. | Excerpt | Specific Objections |
|---|---|---|
| 4 ¶9 | "Under the current formulation of the SIP, the Diocese is responsible for paying a self-insured retention of up to $250,000 for general liability claims. Above the self-insured retention, the Diocese maintains general liability excess policies with National Catholic Risk Retention Group ("National Catholic") and W.R. Berkley with limits of $14.75 million and $25 million respectively." | Objection based upon Federal Rule of Evidence 402. Irrelevant because Committee is conceding it will not proceed with actions that impact these policies (post 1986). |
| 4 ¶11 | "Upon information and belief, copies of the relevant policies are in the possession of the respective carriers and may also be contained in the records of the various SIP Participants….<br><br>Nevertheless, based upon my review of the available records, my knowledge of the relationship between the Diocese and the other SIP Participants, and my experience in the insurance and risk-management industry, upon information and belief prior to the 1973 implementation of the SIP, each of the SIP Participants | Objection based upon Federal Rules of Evidence 602, 802 and 802.<br><br>Objection based upon Federal Rules of Evidence 602, 802 and 701. Foundation as expert. No foundation as lay witness since no |

| Pg./Para. | Excerpt | Specific Objections |
|---|---|---|
| | maintained liability insurance policies and each of those policies would have included the Diocese as an additional named insured." | policies were ever found that the Diocese procured for itself before 1973. Tr. 44:10-44:12. |
| 6 ¶15 | "Despite the fact that the CVA Cases are now stayed against the Diocese, the Diocese is still responsible under the SIP to provide a defense for other SIP Participants. In the event plaintiffs are allowed to continue to prosecute the CVA Cases against the SIP Participants, the Diocese will be required to expend significant time and money responding to the CVA Cases both in its capacity as the risk manager and insurance coordinator for the SIP Participants and simply to protect the Diocese's own legal interests which could be jeopardized by continued prosecution of the CVA Cases." | Objection based upon Federal Rules of Evidence 602 and 611 and 802. Hearsay as there are no written agreements. Tr. 41:22-42:2. See also, Tr. 56:12-56:18. |
| 6 ¶16 | "Even absent the Diocese's obligations under the SIP to provide a defense to the other SIP Participants with respect to the CVA Cases, the Diocese would be required to monitor and participate in the CVA Cases, notwithstanding the bankruptcy automatic stay, because the claims asserted against other SIP Participants are so closely intertwined with the claims asserted against the Diocese that the Diocese may be exposed to collateral estoppel, adverse precedent, vicarious liability, or imputed admissions if the litigation continues. | Objection based upon Federal Rules of Evidence 601, 602, 611 & 701. Speculation, no foundation. Overly broad so as to be confusing. Calls for a legal conclusion ("Diocese may be exposed to collateral estoppel, adverse precedent, vicarious liability or imputed admissions…"). "Well, again, I – I am not lawyer, so yes, those are all basically legal terms…" Tr. 69:4-5. |

| Pg./Para. | Excerpt | Specific Objections |
|---|---|---|
| | In these circumstances, the Diocese will have no choice but to participate in the CVA Cases, thus diverting significant resources from the pursuit of a plan of reorganization and vitiating the efficacy of the automatic stay." | No Foundation for "will have no choice" Q:"The obligation's there because that's the way it's been done? A: "Basically, in a nutshell, yes, that is the history of how it has gone over the years, yes." Tr. 58:7-10. |
| 6 ¶17 | "Each of the SIP Participants has the same rights as the Diocese to coverage under both the SIP and any pre-1973 policies on which they are co-insureds. Accordingly, the applicable SIP reserves and policy limits are shared between the Diocese and the other SIP Participants. The reserves the Diocese holds to administer the SIP, as well as the excess insurance coverage available under the SIP and/or any pre-1973 coverage is finite. | Objection based upon Federal Rule of Evidence 601 & 602. No evidence that Diocese shares any pre-1973 policies. No foundation as lay witness since no policies were ever found that the Diocese procured for itself before 1973. Tr. 44:10-44:12. |
| | To the extent a claim remains unstayed, the SIP will be required to expend its reserves to fund defense costs. | No foundation and hearsay as no written agreement. Hearsay as there are no written agreements. Tr. 41:22-42:2. See also, Tr. 56:12-56:18. |
| | Moreover, with respect to any claim which is successfully prosecuted against a SIP Participant, plaintiffs undoubtedly will look directly to any shared insurance to satisfy any judgment, thereby depleting, dollar-for-dollar, proceeds which would otherwise be available to the Diocese's bankruptcy estate. Accordingly, continuation of the CVA Cases against | Rule 601, 402, Speculation "undoubtedly". Irrelevant since no judgments will be enforced. |

| Pg./Para. | Excerpt | Specific Objections |
|---|---|---|
| | the SIP Participants will have an immediate adverse economic consequence for the Diocese's estate." | |
| 7 ¶18 | "Lastly, continuation of the CVA Cases will divert critical resources away and likely distract Bishop Sharfenberger, Charles Mendolera, the Diocese's Executive Director of Financial Administration, myself, and other key personnel and advisors from focusing on the Diocese's reorganization efforts." | Objection based upon Federal Rule of Evidence 601 & 602. "likely distract…" isn't based upon personal knowledge, but speculation. |

Dated: November 24, 2023

PACHULSKI STANG ZIEHL & JONES LLP

/s/*Brittany M. Michael*
James I. Stang (*Admitted Pro Hac Vice*)
Iain A.W. Nasatir (*Pending Pro Hac Vice*)
Ilan D. Scharf
Brittany M. Michael
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: 212-561-7700
Facsimile: 212-561-7777

*Counsel for the Official Committee of Unsecured Creditors*