UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------
In re
    THE DIOCESE OF BUFFALO, N.Y.,          BK 20-10322 CLB


                  Debtor.                    <u>DECISION & ORDER</u>
-----------------------------------------------------

    THE DIOCESE OF BUFFALO, N.Y.,

                Plaintiff,               AP 20-01016 CLB

        v.

    JMH 100 DOE, ET AL,


                Defendants.
-----------------------------------------------------

                Bond, Schoeneck & King, PLLC
                Stephen A. Donato, Esq., Grayson T. Walter, Esq.,
                Charles J. Sullivan, Esq., Jeffrey D. Eaton, Esq.,
                Brian Butler, Esq., Sara C. Temes, Esq., of counsel
                One Lincoln Center
                Syracuse, New York 13202-1355
                Attorneys for The Diocese of Buffalo, N.Y.

                Pachulski Stang Ziehl & Jones LLP
                Ilan D. Scharf, Esq., James I. Stang, Esq.,
                Iain A.W. Nasatir, Esq.,
                Brittany Mitchell M. Michael, Esq., of counsel
                780 Third Avenue, 34th Floor
                New York, New York 10017
                Attorneys for Official Committee of Unsecured Creditors

                Gleichenhaus, Marchese & Weishaar, PC
                Scott Bogucki, Esq., of counsel
                43 Court Street, Suite 930
                Buffalo, New York 14202
                Co-Counsel for Official Committee of Unsecured Creditors

Woods Oviatt Gilman LLP
Timothy P. Lyster, Esq., of counsel
1900 Bausch & Lomb Place
Rochester, New York 14604
Co-Counsel for Parish Steering Committee

Elsaesser Anderson, CHTD.
J. Ford Elsaesser, Esq., of counsel
320 East Neider Avenue, Suite 102
Coeur d' Alene, Idaho 83815
Co-Counsel for Parish Steering Committee

Jeff Anderson & Associates, PA
Jeffrey R. Anderson, Esq., Stacey Benson, Esq.,
Michael G. Finnegan, Esq., of counsel
366 Jackson Street, Suite 100
Saint Paul, Minnesota 55101
Attorneys for Various Claimants

Steve Boyd, PC
Stephen Boyd, Esq., of counsel
2969 Main St., Suite 100
Buffalo, New York 14214
Attorneys for Various Claimants

Lipsitz Green Scime Cambria
Amy C. Keller, Esq., of counsel
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Attorneys for Various Claimants

Marsh Law Firm PLLC
James R. Marsh, Esq., of counsel
31 Hudson Yards, 11th Fl.
New York, New York 10001
Attorneys for Various Claimants

Law Offices of Mitchell Garabedian
Mitchell Garabedian, Esq., of counsel
100 State Street, 6th Floor
Boston, Massachusetts 02109
Attorneys for Various Claimants

Dan Chiacchia Attorneys, PLLC
Daniel J. Chiacchia, Esq., of counsel
5113 South Park Avenue
Hamburg, New York 14075
Attorneys for Various Claimants

Merson Law, PLLC
Matthew G. Merson, Esq., of counsel
950 Third Avenue, 18th Floor
New York, New York 10022
Attorneys for Various Claimants

Goldberg Segalla LLP
Adam R. Durst, Esq., of counsel
665 Main Street
Buffalo, New York 14203
Attorneys for Employers Insurance Company of Wausau

O'Melveny & Myers LLP
Tancred V. Schiavoni, Esq., of counsel
Times Square Tower
7 Times Square
New York, New York 10036
Attorneys for Aetna Insurance Company

Office of the U.S. Trustee
Joseph W. Allen, Esq.
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202


Carl L. Bucki, Chief U.S.B.J.

The Diocese of Buffalo has again moved to enjoin the prosecution of actions against parishes and affiliated entities to recover damages for alleged instances of sexual abuse. The central issue is whether a stay is precluded by the Supreme Court's

decision in *Harrington v. Purdue Pharma, L.P.,* 603 U.S.\_\_, 144 S.Ct. 2071 (2024).

In February of 2019, the State of New York enacted the Child Victims Act, which reopened the statue of limitations to allow abuse victims additional time to assert claims that were otherwise barred by the passage of time. 2019 N.Y. Sess. Laws c. 11, § 3. Thereafter, claimants commenced almost 800 lawsuits against the Diocese of Buffalo and its parishes and affiliates. Seeking to address these claims, the Diocese of Buffalo, N.Y., filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2020. Pursuant to 11 U.S.C. § 362(a), this filing imposed an automatic stay of most litigation involving the debtor itself. However, on May 2, 2020, the Diocese initiated the above referenced adversary proceeding (hereafter the "Adversary Proceeding"), which essentially sought also to enjoin the prosecution of all abuse claims against parishes and other affiliated entities.

In the context of the Adversary Proceeding, the Diocese on seven prior occasions has asked this Court to grant temporary injunctive relief. We here incorporate by reference our published decisions on those motions.[1] In its current application, the Diocese requests a further temporary stay. With support from a steering committee of parishes, the Diocese argues that section 362 of the Bankruptcy Code should here also protect affiliates. To the extent that section 362 does not already stay the prosecution of claims, the Diocese urges the Court to exercise its

---

[1] *See In re Diocese of Buffalo, N.Y.*, 618 B.R. 400 (Bankr. W.D.N.Y. 2020); *In re Diocese of Buffalo, N.Y.*, 623 B.R. 354 (Bankr. W.D.N.Y. 2020); *In re Diocese of Buffalo, N.Y.*, 626 B.R. 866 (Bankr. W.D.N.Y. 2021); *In re Diocese of Buffalo, N.Y.*, 633 B.R. 185 (Bankr. W.D.N.Y. 2021); *In re Diocese of Buffalo, N.Y.*, 642 B.R. 350 (Bankr. W.D.N.Y. 2022); *In re Diocese of Buffalo, N.Y.*, 652 B.R. 574 (Bankr. W.D.N.Y. 2023); and *In re Diocese of Buffalo, N.Y.*, 656 B.R. 323 (Bankr. W.D.N.Y. 2024).

powers under 11 U.S.C. § 105 to enjoin such litigation.  The Official Committee of Unsecured Creditors and several hundred claimants oppose this relief.

## Discussion

Section 362(a) of the Bankruptcy Code provides that with certain exceptions, the filing of a bankruptcy petition "'operates as a stay, applicable to all entities,' of efforts to collect from the debtor outside of the bankruptcy forum." *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 156, 141 S.Ct. 585, 589 (2021)(quoting 11 U.S.C. § 362(a)).  Except for joint obligors of individuals in Chapter 13, however, the benefits of the automatic stay extend only to the debtor itself.  Of course, the automatic stay may have consequential impacts that affect third parties.  For example, if the debtor and a parish are named as joint defendants, the entire lawsuit is stayed until such time as the Diocese is severed from the action.  Similarly, the automatic stay may preclude litigation that impairs a debtor's property interest in insurance.  As to actions where the automatic stay applies, the debtor and its parishes have no need for a temporary injunction.  Rather, what the Diocese seeks is something more, namely a ruling that actions against affiliates are stayed in all instances.

In *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 122 (2d Cir. 1994), the Court of Appeals recited the controlling standard for issuance of a preliminary injunction:

> "To obtain a preliminary injunction, a plaintiff must demonstrate: (1) *either* a likelihood that he will succeed on the merits of his claim, *or* that the merits present serious questions for litigation and the balance of hardships tips decidedly toward the plaintiff; and (2) that without the injunction, he will likely suffer

>       irreparable harm before the court can rule upon his
>       claim."

With respect to the debtor's request to apply section 362 to all litigation against parishes and affiliates, we find neither a likelihood of success nor serious questions for litigation.  We have previously ruled, in our decision of October 21, 2021, that at least some of the plaintiffs "have claims arising from events for which no insurance has been identified.  Such uninsured events implicate no property interest that would impose an automatic stay of litigation against defendants other than the Diocese itself."  *In re Diocese of Buffalo, N.Y.*, 633 B.R. 185, 187 (Bankr. W.D.N.Y. 2021).  At this time, the Court sees no reason to change its prior ruling.  Section 362 does not universally impair the ability of plaintiffs to pursue claims against parishes and affiliates, and therefore provides no basis to extend the automatic stay to all litigation.

The Diocese argues that notwithstanding the limitations of 11 U.S.C. § 362, this Court can still enjoin litigation through an exercise of its powers under 11 U.S.C. § 105(a).  In relevant part, section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  Among these provisions is the direction in 11 U.S.C. § 1106(a)(5) that a debtor in possession shall "as soon as practicable, file a plan under section 1121."  Recognizing this need to develop a plan, the Court relied on section 105(a) in its four most recent decisions granting a temporary stay of all litigation against parishes and affiliates.  *See In re Diocese of Buffalo, N.Y.*, 633 B.R. 185 (Bankr. W.D.N.Y. 2021); *In re Diocese of Buffalo, N.Y.*, 642 B.R. 350 (Bankr. W.D.N.Y. 2022); *In re Diocese of Buffalo, N.Y.*, 652 B.R. 574 (Bankr. W.D.N.Y. 2023);

and *In re Diocese of Buffalo, N.Y.*, 656 B.R. 323 (Bankr. W.D.N.Y. 2024). Subsequent to these rulings, however, the Supreme Court issued its decision in *Harrington v. Purdue Pharma, L.P.,* 603 U.S.\_\_, 144 S.Ct. 2071 (2024).

The central issue in *Purdue Pharma* was whether a bankruptcy plan can restrict the right of non-consenting claimants to recover damages from entities that did not themselves file for bankruptcy relief. In his concurring opinion at the Second Circuit, Judge Richard C. Wesley described what had been the applicable law, namely that "a bankruptcy court has authority to approve a Chapter 11 reorganization plan that includes nonconsensual nondebtor releases." *In re Purdue Pharma, L.P.*, 69 F.4th 45, 85 (2d Cir. 2023). Under this standard, the Diocese of Buffalo could propose a plan of reorganization that would release parishes and affiliates from liability arising from sexual abuse. However, on June 27, 2024, the Supreme Court reversed the decision of the Court of Appeals. The Supreme Court held "that the bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a nondebtor without the consent of affected claimants." *Harrington v. Purdue Pharma, L.P.,* 144 S.Ct. 2071, 2088 (2024).

Nothing in the Supreme Court's decision expressly prohibits a temporary stay of litigation against parishes and affiliates. However, the outcome in *Purdue Pharma* strikes the rationale for any further such injunction. In our decision of January 9, 2024, this Court explained the justification for our use of section 105:

> "[We] granted a general stay of state court litigation in
> order to facilitate the development of a plan that might

> include a global settlement of abuse claims against the Diocese, as well as abuse claims against parishes and affiliates, as well as parish and affiliate claims against the Diocese for indemnification and contribution. The implicit expectation was that any such plan would include a channeling order, that is, 'the funneling of claims into one proceeding to preserve the debtors' estate.' *In re Purdue Pharma, L.P.*, 69 F.4th 45, 75 (2d Cir. 2023). If one assumes that a Chapter 11 Plan can include a nonconsensual channeling order, then this Court can consider a stay that reasonably facilitates the development of such a proposal."

*In re Diocese of Buffalo, N.Y.*, 656 B.R. 323, 326 (Bankr. W.D.N.Y. 2024). By reason of the Supreme Court's decision in *Purdue Pharma*, our assumption regarding the use of a channeling order is no longer valid.

This Court previously granted temporary stays to enable the parties to negotiate a plan that would include a channeling injunction. Absent the affirmative consent of all creditors, such a plan is no longer permitted. *Cf. In re Tonawanda Coke Corporation*, __ B.R. __, 2024 WL 4024385 (Bankr. W.D.N.Y. 2024). Nor do we foresee the likely development of a fully consensual plan. For more than three years, skilled mediators have tried without success to facilitate an agreement. Both the debtor and the Official Committee of Unsecured Creditors now report a breakdown in negotiations. Ever since the Diocese started the Adversary Proceeding, a number of abuse claimants have persisted in their opposition to any waiver of claims. Under these circumstances, we find insufficient justification to use section 105 for the purpose of granting a stay of all lawsuits against parishes and affiliates.

The Diocese correctly observes that many of the outstanding lawsuits against

parishes and affiliates are already stayed under one of the eight subdivisions of 11 U.S.C. § 362(a).  But some are not.  For plaintiffs who may need clarification, the Court will always entertain requests for a comfort order for stay relief.  Alternatively, the Diocese can bring a contempt motion in the event of a stay violation.  For now, we merely find no basis to impose a blanket stay of all litigation that abuse victims may wish to prosecute against the parishes and affiliates of the debtor.

## Conclusion

For the reasons stated herein, the motion of the Diocese of Buffalo is denied.  Except in those instances where 11 U.S.C. § 362(a) applies, plaintiffs seeking to recover damages for sexual abuse may prosecute their claims against parishes and other affiliated entities.

So ordered.

Dated: September 30, 2024            /s/ Carl L. Bucki_____
       Buffalo, New York             Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y